# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4298 | **DATE** | September 12, 2011 |
| **CASE TITLE** | ILLINOIS COMPUTER RESEARCH LLC v. BEST BUY STORES, L.P, and BESTBUY.COM, LLC | | |

**DOCKET ENTRY TEXT:**

Plaintiff's Motion to Reconsider [66] is denied. I adhere to my prior ruling. Defendants' motion to clarify [64] is granted.

# STATEMENT

    Plaintiff asks that I reconsider my prior ruling granting summary judgment in favor of Defendants asserting that a factual issue remains regarding whether Ectiva is indeed an "Affiliate" under the License Agreement. Plaintiff argues that the record is devoid of evidence showing that Creative China exercises the requisite level of control over Ectiva PTE, such that Ectiva is rightly deemed an "Affiliate" of Creative China under the terms of the License Agreement.

    In its opposition to summary judgment, ICR attached the evidence purporting to show that Ectiva and Creative are affiliates on two grounds: (1) the authenticity of the certain documents; and (2) a lack of personal knowledge. I found both of these objections to be without merit. Now, ICR argues that Defendants ignored the controlling definition of "affiliate" and thereby misled the court. Though ICR asserts that the documents presented were insufficient to establish the requisite level of control required by the License Agreement, this argument is new, and therefore improperly raised. ICR's motion, which falls under Fed. R. Civ. P. 59(e), "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

    Likewise, ICR's arguments as to the application of Singapore law are improperly raised. No such argument was raised previously, and any such argument is therefore untimely. Moreover, ICR fails to assert any specific Singapore law that is at issue.

    ICR's motion for reconsideration is denied.

## STATEMENT

Defendants have asked to clarify the judgment entered to indicate that Best Buy's declaratory judgment counterclaim for invalidity is dismissed without prejudice. This request is granted.

Local Rule 54.3 will govern Best Buy's motion for attorneys' fees and expenses. Additional discovery will not be permitted, other than that permitted under local rules will not be permitted absent leave of court. The briefing schedule regarding Defendant's motion for fees will be agreed upon by the parties and submitted to the court. I grant the parties leave to file their briefs under seal, and in excess of the page limitations.